Case 2:11-cv-06681-GHK-DTB Document 1 Filed 08/15/11 Page 1 of 10 Page ID #:1

COPY

NORMAN L. SMITH [SBN 106344]
nsmith@swsslaw.com
TANYA M. SCHIERLING [SBN 206984]
tschierling@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for HANSEN BEVERAGE COMPANY

FILED
11 AUG 15 AM 11:16
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

CV11- 06681 GHK (DTBx)

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPM LOGISTICS, C. POR. A., a Dominican company,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF OR, IN THE ALTERNATIVE, RESCISSION**<br><br>**DEMAND FOR JURY TRIAL** |

P:00651346.4:07565.222

COMPLAINT

Plaintiff Hansen Beverage Company ("Plaintiff" or "Hansen") alleges:

## PARTIES

1. Plaintiff is, and at all relevant times was, a corporation organized under the laws of the State of Delaware, with its principal place of business in Corona, California.

2. Plaintiff alleges on information and belief that defendant OPM LOGISTICS, C. POR. A. ("OPM" or "Defendant") is, and at all relevant times was, a Dominican company organized under the laws of the Dominican Republic with its principal place of business in Santo Domingo, Dominican Republic.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 9 U.S.C. §§ 203 and 205, in that this civil action arises under federal law because it relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. § 201, et seq. (the "Convention"):

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203. The Dominican Republic is a party to the Convention, having ratified and/or acceded to it in 2002.

4. This Court also has jurisdiction under 28 U.S.C. § 1332 because this is a dispute between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391 and 9 U.S.C. § 204 because the contract at issue calls for substantial performance in this district, specifically, the contract requires arbitration in Orange County, California and is governed by California law. Additionally, Defendant entered into the contract on which this action is based in the State of California, has minimum contacts with California, and is subject to personal jurisdiction in California.

## MATERIAL FACTS

6. On or about December 6, 2005, Plaintiff and Defendant entered into a Hansen Beverage Company International Distribution Agreement under California law ("Distribution Agreement").

7. Pursuant to the Distribution Agreement, Plaintiff appointed Defendant to be a distributor of specific Hansen products as defined by the Distribution Agreement within a territory (the "Territory") defined by the Distribution Agreement.

8. Section 26 of the Distribution Agreement states, in relevant part, "[a]ny dispute, controversy or claim arising out of or relating to this Agreement or the breach or termination hereof shall be settled by binding arbitration conducted by JAMS/Endispute ('JAMS') in accordance with JAMS International Arbitration Rules, and to the extent applicable, The Convention on the Recognition and Enforcement of Foreign Arbitration Awards (the 'Rules'). The arbitration shall be heard . . . in Orange County, California" (the "Arbitration Provision").

9. Section 25 of the Distribution Agreement states, in relevant part, "[t]his Agreement shall be governed by and interpreted in accordance with the laws of the State of California (without reference to its conflict of laws), and the provisions of the United Nations Convention On Contracts For The International Sale Of Goods will expressly be excluded and not apply" (the

"California Choice of Law Provision").

10. Sections 11 and 15 of the Distribution Agreement contain various terms concerning the parties' rights and remedies in relation to breach and/or termination (the "Termination Provisions").

11. The Termination Provisions include that Hansen has the right at any time, upon written notice, to terminate the Distribution Agreement without cause, in which event, provided that OPM is not in breach of any provision of the Distribution Agreement, Hansen shall pay OPM a severance payment calculated according to the formula prescribed in the Distribution Agreement (the "Severance Payment"). The Termination Provisions further provide that Severance Payment, together with certain inventory re-purchase and sale rights, shall constitute OPM's sole remedy in the event of a termination without cause, and expressly preclude any other claim or recovery.

12. The Termination Provisions also allow for termination for certain reasons, including if the other party commits a breach of any provision of the Distribution Agreement, and if any law or regulation is in effect in the Territory which would restrict Hansen's termination rights and/or invalidate any provision of the Distribution Agreement. In those circumstances, the Termination Provisions provide that neither party shall be liable to the other in contract, tort or on any other theory of liability for any damage, loss, cost or expense claimed as a result of or relating to such breach and/or termination, and expressly exclude recovery for any consequential, incidental, special or exemplary damages.

13. Certain disputes (the "Disputes") have arisen between Plaintiff and Defendant arising out of and relating to the parties' respective rights under the Distribution Agreement, including the validity and enforceability of the Arbitration Provision, the California Choice of Law Provision and the Termination Provisions.

14.     Under the Convention, 9 U.S.C. § 206, this Court may direct that arbitration be held in accordance with the Arbitration Provision, that is, by JAMS in Orange County, California. 9 U.S.C. § 206 ("A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for...")

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief)

15.     Plaintiff re-alleges and incorporates paragraphs 1 through 14 above.

16.     Plaintiff is informed and believes, based on Defendant's statements to Plaintiff, that Defendant contends the Arbitration Provision is not binding on Defendant, and that Defendant refuses to submit the Disputes to binding arbitration for resolution as required by the Arbitration Provision.

17.     Therefore, an actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendant, on the other, concerning Plaintiff's right to enforce the Arbitration Provision. Plaintiff contends the Arbitration Provision is valid and enforceable and applies to the Disputes. Based on Defendant's statements and representations to Plaintiff, Plaintiff is informed and believes that Defendant contends the Arbitration Provision is not valid or enforceable and/or does not apply to the Disputes.

18.     Plaintiff desires a judicial declaration that the Arbitration Provision is valid, enforceable, and applies to the Disputes.

19.     A judicial declaration is necessary and appropriate at this time under the circumstances so that the parties to this action may ascertain their rights and duties under the Distribution Agreement through arbitration in California. The facts have sufficiently crystallized to permit an intelligent and useful decision to be made, and the issues are fit for a judicial determination.

20.     The amount of the Disputes is subject to proof, but exceeds

1 | $75,000, exclusive of interest and costs.

2 | 21. In the event that, for any reason, the Arbitration Provision is declared invalid or unenforceable, and/or OPM otherwise fails and refuses to comply with its obligation to arbitrate the Disputes, Hansen alleges the following claim for relief:

### SECOND CLAIM FOR RELIEF

### *In the Alternative*

### (Rescission)

22. Plaintiff re-alleges and incorporates paragraphs 1 through 14 above.

23. Plaintiff entered into the Distribution Agreement believing and understanding that the Arbitration Provision is valid, binding and enforceable.

24. Plaintiff entered into the Distribution Agreement believing and understanding that the California Choice of Law Provision is valid, binding and enforceable and, therefore, Dominican law does not apply.

25. Plaintiff entered into the Distribution Agreement believing and understanding that the Termination Provisions in the Distribution Agreement are valid, binding and enforceable under California law.

26. Each and all of the Arbitration Provision, California Choice of Law Provision, and Termination Provisions are material and essential terms of the parties' agreement, and Plaintiff reasonably and justifiably relied on their validity and enforceability in entering into the Distribution Agreement. Plaintiff continues to believe and understand that the Arbitration Provision, California Choice of Law Provision, and Termination Provisions are binding, valid and enforceable but, if Plaintiff knew or was informed at the time of entering into the Distribution Agreement that they were not, then it would not have entered into the Distribution Agreement.

27. Plaintiff is informed and believes, and on that basis alleges, that at

1  the time it entered into the Distribution Agreement, Defendant knew of
2  Plaintiff's belief and reliance described in paragraphs 23-26, above.
3      28.   Plaintiff is informed and believes, and on that basis alleges, that
4  Defendant also entered into the Distribution Agreement believing and
5  understanding that each and all of the Arbitration Provision, California Choice
6  of Law Provision, and Termination Provisions are valid, binding and
7  enforceable.
8      29.   Plaintiff is now informed and believes that the California Choice of
9  Law Provision may not be binding and enforceable and that, instead,
10  Dominican law may apply to the Distribution Agreement. If that is the case,
11  Plaintiff is now informed and believes, the Termination Provisions may not be
12  enforceable, and, as a result, OPM may seek and recover damages dramatically
13  in excess of the Severance Payment.
14      30.   Thus, the parties entered into the Distribution Agreement laboring
15  under a mutual and material mistake of fact and/or law.
16      31.   Alternatively, Plaintiff is informed and believes, and on that basis
17  alleges, that at the time it entered into the Distribution Agreement, Defendant
18  knew or believed, but concealed from Plaintiff its belief, (a) that the Arbitration
19  Provision was _not_ valid, binding and enforceable, (b) that the California Choice
20  of Law Provision was _not_ valid, binding and enforceable and/or (c) that the
21  Termination Provisions were _not_ valid, binding and enforceable.
22      32.   Plaintiff is informed and believes, and on that basis alleges, that
23  Defendant now contends that the Arbitration Provision, the California Choice
24  of Law Provision, and/or the Termination Provisions are not valid, binding or
25  enforceable.
26      33.   Plaintiff is entitled to rescind the Distribution Agreement for mutual
27  mistake of fact and/or law or, alternatively, for its own unilateral mistake which
28  Defendant was aware of at the time of contracting.

34. The amount of the Disputes is subject to proof, but exceeds $75,000, exclusive of interest and costs.

**PRAYER**

Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendant, as follows:

1. A judicial declaration that the Arbitration Provision in the Distribution Agreement is valid and enforceable and applies to the Disputes that have arisen between the parties, or, alternatively, an order of rescission on the Distribution Agreement.

2. For costs and reasonable attorneys' fees;

3. For expert witness fees and costs; and

4. For such other and further relief as the Court deems just and proper.

DATED: August 15, 2011　　SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *Tanya Schierling*
NORMAN L. SMITH
TANYA M. SCHIERLING
Attorneys for HANSEN BEVERAGE COMPANY

**DEMAND FOR JURY TRIAL**

Hansen Beverage Company hereby demands a jury trial of all claims triable by a jury.

DATED: August 15, 2011　　SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *Tanya Schierling*
NORMAN. L. SMITH
TANYA M. SCHIERLING
Attorneys for Plaintiff HANSEN BEVERAGE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**CV11- 6681 GHK (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY



Tanya M. Schierling SBN 206984
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, CA  92101

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>CV11-06681 GHK (DTB) |
| OPM LOGISTICS, C.POR. A., a Dominican company<br>DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): OPM LOGISTICS, C.POR. A.

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Tanya M. Schierling, whose address is 401 B Street, Suite 1200 San Diego, CA. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:  AUG 1 5 2011

Clerk, U.S. District Court

By: _____
JULIE PRADO
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)    SUMMONS    American LegalNet, Inc.
www.USCourtForms.com